IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-148-BO

| | |
|---|---|
| LAKSHMI FERYETTE RICHARDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SMITHFIELD PACKING FARMLAND ) | |
| TARHEEL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's *pro se* application to proceed *in forma pauperis* and for frivolity review. [DE 1]. For the reasons stated below, the motion to proceed *in forma pauperis* is allowed and, pursuant to 28 U.S.C. § 1915(e)(2), the case is dismissed.

## DISCUSSION

Based on the information in the motion to proceed *in forma pauperis*, the Court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore allowed.

In conducting a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute, 28 U.S.C. § 1915(d)). A complaint is frivolous if it "lacks an arguable basis in either law or fact." *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,'

'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'") (citations omitted). The Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). A plaintiff proceeding *in forma pauperis*, however, must "meet certain minimum standards of rationality and specificity." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Plaintiff's complaint alleges harassment by supervisors at work to the point that plaintiff hit and cursed at her supervisor. The Court cannot find a basis for jurisdiction over plaintiff's complaint. No loss amount or diversity of citizenship is alleged, nor does plaintiff allege that either her constitutional rights or a federal statute was violated. Plaintiff's complaint states that she was humiliated and embarrassed at work by her supervisor, who allegedly has made derogatory comments to other employees based on their gender. Plaintiff does not allege or imply, however, that any of the harassment she faced is due to her status in a protected class. Accordingly, the Court finds that plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is ALLOWED, and plaintiff's complaint is DISMISSED for lack of subject matter jurisdiction. The Clerk of Court is directed to close the file.

SO ORDERED, this 21 day of September, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2